UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:07-CR-00076-2-BR
NO: 7:10-CV-00198-BR

| | | |
|---|---|---|
| JAMES ANTHONY FRINK | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 petition. Petitioner filed a response in opposition to the motion.

On 4 October 2007, a jury convicted petitioner of multiple drug and firearm related counts. The court sentenced petitioner to a total term of imprisonment of 187 months. Petitioner appealed his convictions. The Court of Appeals for the Fourth Circuit affirmed. United States v. Frink, Nos. 08-4163, 08-4233 (4th Cir. May 14, 2009). On 20 October 2009, the Supreme Court denied petitioner's petition for a writ of certiorari. Petitioner filed the instant petition on 4 October 2010.

Petitioner raises one claim, alleging ineffective assistance of counsel. The applicable legal standard for such a claim is well established. Under the principles of Strickland v. Washington, 466 U.S. 668 (1984):

> a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Under the second prong of Strickland's test, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." For counsel's trial performance to be deficient, he must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's

> representation fell below an objective standard of reasonableness."
> To establish prejudice, a defendant must show that "there is a
> reasonable probability that, but for counsel's unprofessional errors,
> the result of the proceeding would have been different." Under
> *Strickland,* a reasonable probability is a "probability sufficient to
> undermine confidence in the outcome."

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), cert. denied, 122 S. Ct. 2311 (2002).

Petitioner claims that his trial counsel was ineffective for failing to challenge a number of items which can best be characterized as shortcomings with the government's case. (See Pet., Attach. at 6-8.) Petitioner contends that these items show "there is clearly no evidence to support [his] conviction" and cites counsel's failure to move for dismissal of the charges or a mistrial. (Id. at 8.) The court finds it unnecessary to address *in seriatim* the items petitioner identifies. It is sufficient to recognize that counsel filed a number of pretrial motions which challenged the admission of key pieces of evidence against petitioner. Although the court ultimately ruled against petitioner on these motions, counsel proceeded to conduct vigorous cross-examination of the government's witnesses in relation to that evidence and on many of the items petitioner identifies. In his closing argument, counsel brought to the jury's attention the purported deficiencies in the government's case against petitioner. Also, at the conclusion of the government's case in chief, at the conclusion of all the evidence, and after the jury returned the verdict, counsel made motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. In sum, counsel was not deficient with respect to any of the items petitioner identifies. Alternatively, even assuming counsel failed to adequately address one or more of those items, there was more than sufficient evidence to support petitioner's convictions, see Frink, slip. op. at 20-24, and thus, petitioner did not suffer prejudice based on any failure of

counsel to explicitly address those items.

The motion to dismiss is ALLOWED. The petition is DISMISSED. The Clerk is DIRECTED to close this case and serve petitioner with a copy of this order. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 21 April 2011.

_____
W. Earl Britt
Senior U.S. District Judge