UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:07-CR-00076-2-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES ANTHONY FRINK | ) | |

This matter is before the court on defendant's amended motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on retroactive amendments to the sentencing guidelines pertaining to crack cocaine offenses. (DE # 163.) Pursuant to the court's 15 May 2014 order, (DE # 164), the government filed a response to the motion, (DE # 167). Thereafter, defendant filed a reply. (DE # 168.)

In October 2007, a jury convicted defendant of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 846 ("Count One"); three counts of distribution of five grams or more of crack cocaine and aiding and abetting the same in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) ("Counts Two, Three, and Four"); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count Five"). In January 2008, the court sentenced defendant to 127 months imprisonment on each of Counts One through Four, all running concurrently, and to 60 months imprisonment on Count Five, to be served consecutively to the terms of imprisonment on the other counts. Petitioner appealed his convictions. The Court of Appeals for the Fourth Circuit affirmed. United States v. Frink, No. 08-4163 (4th Cir. May 14, 2009).

Before considering the parties' arguments, the court examines the statute under which

defendant seeks relief.

> Section 3582(c)(2) authorizes a district court to modify a defendant's term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). It also provides that any such reduction of a sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*
>
> The applicable policy statement issued by the Sentencing Commission provides that a sentence reduction under § 3582(c)(2) "is not authorized" if the amendment to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Sentencing Guidelines also provide specific instructions for a court when "determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted." *Id.* § 1B1.10(b)(1). They instruct that "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment[] . . . had been in effect at the time the defendant was sentenced[,] . . . substitut[ing] only the amendment[] . . . for the corresponding guideline provision[] that [was] applied" and "leav[ing] all other guideline application decisions unaffected." *Id.*

United States v. Lindsey, 556 F.3d 238, 242-43 (4th Cir. 2009) (alterations in original). "A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding . . . .'" United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (citation omitted).

In this case, the parties agree that Amendment 750, which lowered base offense levels for certain crack cocaine offenses under U.S.S.G. § 2D1.1 and was made retroactive, lowers defendant's applicable guideline range, and thus, defendant is eligible for a sentence reduction. The issue is the extent to which the applicable guideline range is lowered. Defendant contends that his amended guideline range on Counts Two, Three, and Four is 70-87 months and on Count One is 120 months, the statutory mandatory minimum. The government contends that the

2

amended guideline range on all those counts is 120 months.[1]

Resolution of the issue turns on the application of U.S.S.G. § 5G1.2. That guideline provides the court with guidance on sentencing an offender, like defendant, on multiple counts of conviction. At the time of defendant's sentencing in 2008, the relevant subsection of § 5G1.2 provided, "Except as otherwise required by law (see §5G1.1(a), (b)), the sentence imposed on each other count shall be the total punishment as determined in accordance with Part D of Chapter Three, and Part C of this Chapter." U.S.S.G. § 5G1.2(b) (2007). "Total punishment" means "[t]he combined length of the sentences." Id. § 5G1.2, comment. (n.1) (2007). "[T]he sentences imposed on all counts are to be imposed to run concurrently . . . ." Id. If a count's term of imprisonment is specified by statute, which requires the sentence to run consecutively to any other term of imprisonment, the sentence imposed on that count is determined independently of the other counts. Id. § 5G1.2(a) (2007). Title 18, United States Code, Section § 924(c), is an example of such a statute. Id. § 5G1.2, comment. (n.2(A)) (2007).

Effective 1 November 2012, § 5G1.2(b) was amended "to clarify that the court is to determine the total punishment and impose that total punishment on each such count, except to the extent otherwise required by law." U.S.S.G., app. C, amend. 767 (2012). The commentary to the guideline was amended to "clarif[y] that when any count involves a mandatory minimum that restricts the defendant's guideline range, the guideline range is restricted as to all counts." Id.

Defendant's argument that the amended guideline range on Counts Two, Three, and Four is not restricted by the statutory mandatory minimum on Count One is based on the belief that

---

[1] The parties agree that defendant's sentence on Count Five is not affected by any amendment to the sentencing guidelines.

3

the court did not apply § 5G1.2 when defendant was originally sentenced, and, therefore, the court cannot apply it now. (Reply, DE # 168, at 1.) Defendant also emphasizes that the commentary to § 5G1.2, quoted above and on which the government relies, was not effective until well after defendant's sentencing. (Id.)

To be sure, as defendant points out, the Presentence Report ("PSR") does not reference § 5G1.2. Nonetheless, the court imposed defendant's sentences of imprisonment in accordance with that provision. Pursuant to § 3D1.2, the court grouped Counts One through Four to arrive at the total offense level of 30. (PSR at 11.) With a criminal history category of II, the court determined that the guideline range on Count One was 120-135 months and on Counts Two through Four was 108-135 months. (PSR at 12; 1/7/08Tr., DE # 105, at 3.) Although the court did not restrict the low end of the guideline range on Counts Two through Four to the 120-month mandatory minimum, importantly, the court imposed the total punishment on each count, i.e. 127 months, all to run concurrently. These sentences are in conformity with § 5G1.2(b).[2] On Count

---

[2] In fact, an example provided in the amended commentary supports this conclusion:
> Examples.—The following examples illustrate how [§ 5G1.2](b) applies, and how the restrictions in subparagraph (B) [of the commentary] operate, when a statutorily required minimum sentence is involved.
> Defendant A and Defendant B are each convicted of the same four counts. Counts 1, 3, and 4 have statutory maximums of 10 years, 20 years, and 2 years, respectively. Count 2 has a statutory maximum of 30 years and a mandatory minimum of 10 years.
> . . . .
> For Defendant B, . . . the court determines that the final offense level is 30 and the defendant is in Criminal History Category II, which yields a guideline range on the Sentencing Table of 108 to 135 months. Because of the 10-year mandatory minimum on Count 2, however, Defendant B's guideline range is restricted to 120 to 135 months. See subparagraph (B), above. After considering that restricted guideline range, the court determines that the appropriate "total punishment" to be imposed on Defendant B is 130 months. Therefore, subsection (b) requires that the total punishment of 130 months be imposed on each of Counts 2 and 3. The sentences imposed on Counts 1 and 4 are limited to 120 months (10 years) and 24 months (2 years), respectively, because of the applicable statutory maximums.

(continued...)

Five, the § 924(c) count, the court imposed a sentence of 60 months, consecutive to the other counts, in accordance with § 5G1.2(a). Although there was no express mention of § 5G1.2 in the PSR (or at sentencing for that matter), the court's application of the guideline at defendant's original sentencing was implicit.

Because the court originally applied § 5G1.2, in accordance with § 1B1.10(b)(1), its application remains in conjunction with this § 3582(c)(2) proceeding. Defendant's amended guideline range is restricted by the 120-month statutory mandatory minimum. Accordingly, defendant's motion is ALLOWED. Defendant's sentences of imprisonment of Counts One through Four is reduced to 120 months on each count, to run concurrently with each other. Defendant's sentence of imprisonment on Count Five remains 60 months, to run consecutively to the other counts, producing a total term of 180 months imprisonment.

This 16 December 2014.

W. Earl Britt
Senior U.S. District Judge

---

[2](...continued)
U.S.S.G. § 5G1.2, comment. (n.3(C)) (2014).